IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INDIA SAMONE KAHCLAMAT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-464-G-BN |
| | § | |
| WILLIAM NASH, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Plaintiff India Samone Kahclamat bring this action "under Article III jurisdiction imposed by Congress and the Organic Constitution," Dkt. No. 3 at 1, against entities and individuals related to the repossession of her automobile, *see generally id.*; *see also id.* at 2 (noting that "[r]epossession in the State of Texas is governed by the Texas Business and Commerce Code § 9 and debt collection purposes Texas Finance Code § 392"). Although Kahclamat paid the $400.00 statutory filing fee, the Court, under its independent duty to examine its subject matter jurisdiction, *see*

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), issued an order on February 28, 2018 requiring Kahclamat to file, no later than March 30, 2018, a written response to show that the Court has subject matter jurisdiction over her lawsuit, *see* Dkt. No. 5. It appears that Kahclamat now has responded to that order through a filing titled Subject Matter Jurisdiction Is For Civil Law. *See* Dkt. No. 11.

**Legal Standards**

Under its limited jurisdiction, a federal court generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Kahclamat chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. And if she does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323

(5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

**Analysis**

In her response to the show cause order, Kahclamat cites several federal criminal statutes, *see* Dkt. No. 11 at 1 & 9, and appears to allege that the CarMax entity defendants committed federal crimes, such as larceny and embezzlement, *see, e.g., id.* at 1. But Kahclamat may "not assert a valid basis for federal question jurisdiction" by relying "on federal criminal statutes only," *Robinson v. Pulaski Tech. Coll.*, 698 F. App'x 859 (8th Cir. 2017) (per curiam) (citations omitted), as she "has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Savannah v. United States*, No. 3:07-cv-2052-O, 2009 WL 1181066, at *2 (N.D. Tex. Apr. 30, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also McKeague v. Matsuura*, Civ. No. 08-00571 ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009) (citing "a handful of federal criminal statutes ... fails to sufficiently demonstrate that [a plaintiff's] claims arise under federal law" (citation omitted)).

Kahclamat also cites a provision of the Fair Credit Reporting Act ("FCRA"), 18

U.S.C. § 1681, *see* Dkt. No. 11 at 9, and a provision of the Fair Debt Collection Practices Act ("FDCPA"), 18 U.S.C. § 1692, *see* Dkt. No. 11 at 10 (misidentifying that provision as "FCRA VIOLATIONS"). But, as the Court warned Kahclamat in the February 28, 2018 order, "a reference 'made by plaintiff to federal law does not, by itself, provide this Court with subject matter jurisdiction.'" Dkt. No. 5 at 3 (quoting *Borders v. La. Citizens Prop. Ins. Co., Civ.* A. No. 07-5399, 2017 WL 3334323, at *2 (E.D. La. Nov. 8, 2007) (citing, in turn, *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 161-62 (5th Cir. Unit A Aug. 1981))).

More specifically, "[e]stablishing federal question jurisdiction requires a 'substantial federal question.'" *Ayika v. Lopez*, No. EP-10-CV-456-KC, 2010 WL 5373877, at *2 (W.D. Tex. Dec. 21, 2010) (quoting *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981)); *see, e.g., Jolly v. Klein*, 923 F. Supp. 931, 941 (S.D. Tex. 1996) ("In the absence of diversity of citizenship, it is essential that a substantial federal question be presented to support jurisdiction." (citing *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974))). And the mere mention of federal law or bare assertion of a federal claim is not sufficient to obtain federal question jurisdiction, because "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion." *Hagans*, 415 U.S. at 536-37 (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Kahclamat alleges no facts to show that she has a substantial claim under either the FCRA or the FDCPA, and the mere citation to those statutes fails to show that any claim she asserts arises under federal law. *See, e.g., Kratt v. Burns*, No. 3:08cv464/RV/EMT, 2009 WL 1919699, at *4 (N.D. Fla. July 2, 2009) ("The Kratts' reliance on the [FDCPA] is also misplaced. This statute 'provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors.' The Kratts do not plead facts in their complaint suggesting that any Defendant acted as a 'debt collector' within the meaning of § 1692, much less subjected them to abusive, deceptive, or unfair debt collection practices. Lacking a 'plausible foundation,' this claim therefore is 'insubstantial and frivolous,' and also is subject to dismissal for lack of subject matter jurisdiction." (citations omitted)), *rec. adopted*, 2009 WL 2525466 (N.D. Fla. Aug. 14, 2009).

Further, it does not appear that Kahclamat advances an argument that diversity jurisdiction exists, as she fails to allege facts to establish that there is complete diversity of citizenship between the parties. *See* Dkt. Nos. 3 & 11.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE